## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRON M. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01371-JAR |
| | ) | |
| DORNAKA RESTAURANT | ) | |
| HOLDING, LLC d/b/a SPORTSMANS | ) | |
| PARK RESTAURANT AND BAR, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dornaka Restaurant Holdings, LLC's Motion to Strike. ECF No. 8. Plaintiff Terron M. Fleming has not filed a response, and the time to do so has passed. This matter is now ripe for disposition. For the reasons set forth below, the Court will grant Defendant's Motion and will strike certain portions of Plaintiff's Petition.

On September 6, 2024, Plaintiff first filed his pro se Petition in the Circuit Court of St. Louis County, Missouri. ECF No. 6. In his Petition, Plaintiff raises a single count of racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). On October 15, 2024, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

On October 22, 2024, Defendant filed the instant Motion (ECF No. 8) and a Memorandum of Law in Support (ECF No. 9). Defendant argues that several allegations featured in Plaintiff's Petition should be stricken under Federal Rule of Civil Procedure 12(f), which provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant argues that the Petition's paragraphs 19, 24, 25, 26, and 27 and attached Exhibits 27, 32, and 33 should be stricken from

the record because these allegations and exhibits simply have no bearing on Plaintiff's racial discrimination claims. These allegations variously discuss the dress of two of Defendant's minor employees (ECF No. 6 at ¶¶ 19, 24; ECF No. 1-1 at 43 ("Ex. 27")); information regarding Defendant's owner's divorce proceedings (ECF No. 6 at ¶¶ 19 and 24; ECF No. 1-1 at 48 ("Ex. 32") and 49 ("Ex. 33")); information regarding the Defendant's security cameras (ECF No. 6 at ¶ 25); speculation that one of Defendant's employees is a police informant (*id.* at ¶ 26); and information regarding an incident in which Plaintiff was robbed at gun point in downtown St. Louis (*id.* at ¶ 27). Defendant contends that these various allegations and exhibits are meant to harass, intimidate, defame, and distract from the issues raised in Plaintiff's Title VII claim.

The Court agrees, and paragraphs 19, 24, 25, 26, and 27 as well as Plaintiff's Exhibits 27, 32, and 33 will be stricken. The allegations and exhibits identified by Defendant, having no bearing on Plaintiff's claims, are immaterial, impertinent, and/or scandalous and will be stricken from the record per Federal Rule of Civil Procedure 12(f).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dornaka Restaurant Holdings, LLC's Motion to Strike is **GRANTED**. ECF No. 8.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to strike from the record paragraphs 19, 24, 25, 26, and 27 from Plaintiff's Petition (ECF No. 1-1 at 2–9 and ECF No. 6) and Exhibits 27, 32, and 33 attached to Plaintiff's Petition (ECF No. 1-1 at 43, 48, and 49).

Dated this 26th day of November, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE